CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 18 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 4:17CR00001 |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| **DELANO A. HUNT,** ) | Judge James P. Jones |
| ) | |
| Defendant.  ) | |

*R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for United States; Delano A. Hunt, Pro Se Defendant.*

The defendant has filed a motion requesting that this court reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115–391, § 404, 132 Stat. 5194, 5222 (2018) ("2018 FSA"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111–220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). The defendant further seeks compassionate release from his current term of imprisonment under 18 U.S.C. § 3582(c)(2). I find that as to some of the claims, the relief requested by the defendant cannot be granted under the applicable statute. As to the remaining claim, I find that the defendant has failed to establish an extraordinary and compelling reason justifying a reduction. It is therefore **ORDERED** that the motion, ECF No. 45, is DENIED.

I.

On April 27, 2017, the defendant, Delano A. Hunt, pled guilty pursuant to a written plea agreement to Counts One and Three of the indictment, to distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The court determined that Hunt qualified as a career offender under § 4B1.1(b) of the U.S. Sentencing Commission Guidelines Manual (USSG) based on his two prior felony drug convictions. Accordingly, with a total offense level of 29, and a criminal history category of VI, his guideline sentencing range was 151–180 months. The late Senior District Judge Jackson L. Kiser sentenced him on July 25, 2017, to 160 months of incarceration, followed by three years of supervised release. Hunt is currently incarcerated at FCI McDowell and has a projected released date of June 28, 2028.

On April 13, 2021, Hunt moved for compassionate release and for reduction of his sentence under § 404 of the 2018 FSA and 18 U.S.C. § 3582(c)(2). He contends that his § 922(g) conviction for possessing a firearm while being a convicted felon is structurally infirm because his guilty plea is void following *Rahaif v. United States*, 139 S. Ct. 2191 (2019). He also argues that his § 841(a)(1) conviction should be modified based on sentencing disparities between cocaine and crack-cocaine offenders. Finally, he appears to seek compassionate release due to

fears for his health and safety because of the COVID-19 pandemic and his sentence enhancement as a career offender.

II.

First, a defendant may not challenge the validity of his conviction or sentence in a motion for a reduction under 18 U.S.C. § 3582(c). The statute prohibits modifications to a term of imprisonment unless one of the enumerated exceptions is present. 18 U.S.C. § 3582(c)(1)–(2). However, there is no enumerated exception for challenges to the validity of an underlying conviction. Instead, federal prisoners must seek such relief by filing a motion under 28 U.S.C. § 2255. *See Marlowe v. Warden, FCI Hazelton*, 6 F.4th 562, 568 (4th Cir. 2021). Because Hunt's challenge to his § 922(g) conviction would be proper only under § 2255, I will deny the motion.

Second, Hunt appears to argue that under § 404 of the 2018 FSA, his sentence for the drug trafficking conviction should be reduced based on changes to the cocaine base (crack) sentencing guidelines. Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). The 2018 FSA provides that a court may, on motion of the defendant, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b). In this case, however, Hunt's sentence was based on his designation as a career offender under U.S.S.G. § 4B1.1, not a statutory

mandatory minimum. Moreover, he was convicted and sentenced for an offense involving powder cocaine (not crack) in 2017, well after the enactment of the 2010 FSA. Thus, Hunt is ineligible for relief and I will deny the motion.

Finally, Hunt appears to move for a reduction under 18 U.S.C. § 3582(c)(1)(A) based on the dangers posed to him by COVID-19. He further appears to argue that he should not have been sentenced as a career offender. The statute provides that a court may make a discretionary sentence reduction if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the 2018 FSA. Although I may not reduce the defendant's sentence pursuant to a non-retroactive change in sentencing law, the Fourth Circuit held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant, including the length and disparateness of the sentence.

Hunt does not argue that he suffers from any underlying medical condition that would increase his risk of serious illness from COVID-19. He also has been fully inoculated against SARS-CoV-2, the virus that causes COVID-19. He received his second dose of the Pfizer-BioNTech vaccine on May 19, 2021. The Centers for

Disease Control and Prevention indicates that this vaccine is at least 90% effective at preventing COVID-19-induced serious illness.  Centers for Disease Control and Prevention, *Pfizer-BioNTech Covid-19 Vaccine Overview and Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited Oct. 13, 2021).  While I do not intend to diminish the seriousness of the pandemic and the defendant's legitimate concern, a generalized fear of COVID-19 is insufficient to establish extraordinary and compelling circumstances.  I therefore find that the risk posed to the defendant by COVID-19 does not amount to an extraordinary and compelling reason warranting his release.

    Further, the sentencing disparity that Hunt appears to allege does not exist.  He contends that he should not have been sentenced as a career offender.  However, his two prior drug trafficking convictions remain proper predicates under USSG § 4B1.1 for a sentence enhancement.  If Hunt were sentenced today, his guideline range would be the same.  I therefore find that Hunt has not established an extraordinary and compelling reason warranting a reduction.

    ENTER:  October 18, 2021

    /s/  JAMES P. JONES
    Senior United States District Judge